**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JEFFERY C. BENNETT                                                                                    PLAINTIFF
ADC #600216

V.                                        NO: 4:12CV00134 DPM/HDY

BRUCE PENNINGTON *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Jeffery C. Bennett, an inmate at the Arkansas Department of Correction's Grimes Unit, filed a *pro se* complaint on March 1, 2012, alleging that he received inadequate medical care for his dental problems when he was held at the Saline County Jail in late 2011 and early 2012.  On July 31, 2012, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #27-#29).  Plaintiff filed a response on September 4, 2012 (docket entry #35).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he has bad teeth which are loose and frequently bleeding. Plaintiff asserts that he requested dental care from Saline County Jail officials on December 21, 2011, but did not see a dentist for more than 90 days.  Plaintiff claims he only received something jail officials claimed was antibiotics, and ibuprofen.

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Evidence provided by Defendants indicate that Plaintiff has had chronic dental problems dating to at least 2008 (docket entry #27-2, pages #1-#4).  As relevant to this lawsuit, Plaintiff requested antibiotics for his teeth on December 21, 2011, and that same day, detention center

officials left a message for J. Thomas Jumper, DDS, requesting a prescription (docket entry #27-2, page #10). Jumper was out until January 3, 2012. Jumper requires patients to take antibiotics before an appointment can be made, and it generally takes a few months from the date the detention center makes the appointment until Jumper can see the patient (docket entry #27-1). Plaintiff submitted another request for antibiotics on January 17, 2012, and was told that the form had been faxed (docket entry #27-1, page #11). The next day, Plaintiff pulled his own teeth.

Plaintiff again requested dental treatment on January 25, 2012, and was advised that jail staff members would see how soon he could see the dentist (docket entry #27-2, page #12). Plaintiff filed several more requests for dental care in February of 2012, and was told that he already had an appointment.[1] On February 28, 2012, Plaintiff saw Jumper, who completed a tooth extraction (docket entry #27-2, page #8). There is no documentation of further dental problems.

No evidence indicates that any Defendant was deliberately indifferent to Plaintiff's medical needs. Rather, the evidence demonstrates that Defendants promptly sought treatment for Plaintiff's dental issues, and followed Jumper's treatment recommendations with respect to providing antibiotics in anticipation of a dental visit. Additionally, Plaintiff concedes in his complaint that pain reliever was also provided while the antibiotics were being administered. In response, Plaintiff has offered no medical evidence to suggest any Defendant's actions were inappropriate, or that Jumper's requirements were so grossly incompetent as to put Defendants on notice that other treatment was required.[2] *See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he

---

[1]For security reasons, inmates are not told when their appointments have been scheduled.

[2]There is no allegation that any Defendant is a licensed physician or dentist.

received adequate treatment).  *See also Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633

(8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly

as each inmate might wish).  Because no material facts are in dispute, and the evidence demonstrates

that Defendants promptly responded to Plaintiff's complaints, and followed the instructions of the

treating dentist, Defendants are entitled to summary judgment.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #27) be GRANTED, and

Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this   18   day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE